# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH D. LOBERG, | ) |
|                  **Plaintiff,** | ) |
| v. | )   Case No. CIV-13-58-SPS |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,[1] | ) |
|                  **Defendant.** | ) |

## OPINION AND ORDER

The claimant Kenneth D. Loberg, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born January 1, 1967, and was approximately forty-four years old at the time of the administrative hearing (Tr. 24, 122). He has a high school education and completed vocational training as a heating and air technician, and has worked as a maintenance mechanic, heating/air technician, and mechanic/military (Tr. 17, 36-37, 144). The claimant alleges that he has been unable to work since December 15, 2009, due to back and knee problems, ADHD, GERD, and acid reflux (Tr. 143).

## Procedural History

On May 11, 2010, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ Jeffrey Wolfe conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated January 20, 2012 (Tr. 10-19). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioners' final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform a limited range of light work, *i.e.*, he could lift/carry ten pounds frequently and twenty pounds occasionally,

and sit/stand/walk six hours in an eight-hour workday, but that he also needed a sit/stand at will option, and could only occasionally stoop, bend, kneel, crouch, and crawl (Tr. 13). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was other work he could perform in the regional and national economies, *e. g.*, parking lot attendant, toll booth attendant, and order clerk (Tr. 18).

**Review**

The claimant's sole contention of error on appeal is that the ALJ erred by failing to properly evaluate the opinion of his treating physician, Dr. Sammy Helm. The Court agrees, and the decision of the Commissioner must therefore be reversed.

The ALJ found that the claimant's degenerative disc disease of the lumbar spine and chronic knee pain were severe impairments, but his ADHD was non-severe (Tr. 12-13). The relevant medical evidence as to physical impairments reveals that the claimant began complaining of knee pain and a low back sprain as far back as 2002. He was rated 30% disabled for his back by the Veteran's Administration. On June 17, 2009, the claimant was treated for chronic low back pain without radiculopathy. At the time, he reported using a TENS unit intermittently and back exercises three times a week, but did not find either to be helpful. In January 2010, Dr. Helm assessed the claimant with chronic low back pain, stable, with frequent episodes of acute pain; patellofemoral pain syndrome, left greater than right, stable; GERD; hyperlipidemia, primarily elevated LDL; tobacco use; and possible ADHD (Tr. 220). On May 5, 2010, Dr. Helm stated that the claimant had chronic low back pain and that he had advised the claimant to avoid lifting

-4-

over twenty pounds, in addition to avoiding prolonged sitting or standing and activities that require frequent bending. He stated, "These restrictions would include occupation activities." The claimant asked if he should seek disability, and Dr. Helm advised him to do so (Tr. 212, 218, 257). A CT scan of the claimant's lumbosacral spine revealed multilevel degenerative changes predominating at the L4/L5 and L5/S1, no acute fracture or subluxation, and a continued loss of height of the T11 thoracic vertebra (Tr. 254). A CT of the thoracic spine was grossly unchanged since 2005, with a stable minimal anterior wedge deformity at T11 (Tr. 279). In June 2010, the claimant again complained of chronic low back pain and left hip pain, and was referred to neurosurgery. Range of motion testing was normal, but with pain (Tr. 244, 248-249). He was not found to be a surgical candidate. Imaging of the hip and pelvis revealed moderate degenerative arthritic changes in both hips which are symmetrical (Tr. 299-300). A September 8, 2010 MRI of the lumbar spine revealed broad-based central disc protrusion at L4-5 causing mild central canal narrowing anteriorly and approaching the descending L5 nerves without displacement, small central disc protrusion and annular bulge at L1-2 with mild central canal narrowing anteriorly; mild degenerative disease to a lesser degree at L3-4 and T11-12, with no compression deformity or worrisome marrow replacing lesion (Tr. 297).

On December 14, 2010, Dr. Helm completed a physical medical source statement regarding the claimant's abilities to perform work-related activities. He indicated that he had seen the claimant intermittently over the past five years, but had seen him six times in 2010 for his low back pain. He stated that the claimant's diagnosis of chronic low back pain had a poor prognosis. Dr. Helm indicated that the claimant could sit or stand

-5-

up to thirty minutes at a time, and that he was unable to answer how much the claimant could sit/stand/walk in an eight-hour workday but that he would need to alternate sit/stand/walk every ten to thirty minutes (Tr. 345). As to his ability to lift/carry, Dr. Helm indicated that the claimant could do so up to five pounds occasionally, up to twenty pounds infrequently, and never above twenty-one pounds, and that he could only infrequently bend, squat, crawl, climb, and reach (Tr. 346). Further, he stated that the claimant's impairments would produce good and bad days, and that the claimant would likely be absent from work more than three times a month. In support, he pointed to the MRI revealing a broad based central disc protrusion at L4-L5 . . . with mild central canal narrowing; he noted that a neurosurgeon had evaluated the MRI and did not recommend surgery (Tr. 347). In March 2011, Dr. Helm noted the claimant's diagnoses as chronic low back pain, worse; bilateral knee pain, worse; GERD; hyperlipidemia; tobacco use; and possible ADHD although he had stopped taking his medication (Tr. 357). The claimant went to an orthopedic consult for his knees on April 15, 2011, and was diagnosed with chondromalacia patella, with some degenerative changes in his knees that was slightly more advanced than for his age, but that the chondromalacia patella was neither unusual nor curable (Tr. 354). On June 15, 2011, the claimant was diagnosed with chronic obstructive pulmonary disease with pleural parenchymal scarring in both apices and a parenchymal scarring in the right upper lung field and a few tiny calcified granulomas in lungs (Tr. 412).

At the administrative hearing, the claimant testified that the VA rated his disability at 30% in 2002 (Tr. 35). He testified that his pain was a three or four out of ten if he

relaxed, kept on track with pain medications, and did not engage in physical activity (Tr. 41-42). He stated that he could sit around twenty minutes at a time before he had to get up and move around due to discomfort, and that standing was better than sitting (Tr. 42, 46-47).

In his written opinion, the ALJ summarized the claimant's testimony and found he was not credible using boilerplate language. He gave Dr. Helm's May 2010 opinion "some weight" because "no more than moderate objective findings support it," but "no weight" to the December 2010 opinion, because the limitations were "not supported by evidence of worsening symptoms" (Tr. 16-17). The ALJ concluded that the claimant could perform a limited range of light and sedentary work (Tr. 17).

The medical opinions of a treating physician such as Dr. Helm are entitled to controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). When a treating physician's opinion is not entitled to controlling weight, the ALJ must determine the proper weight to give it by considering the following factors: (i) the length of the treatment and frequency of examinations, (ii) the nature and extent of the treatment relationship, (iii) the degree of relevant evidence supporting the opinion, (iv) the consistency of the opinion with the record as a whole, (v) whether the physician is a specialist, and (vi) other factors supporting or contradicting the opinion. *Watkins*, 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). If the ALJ decides to reject a treating physician's opinion entirely,

he is required to "give specific, legitimate reasons for doing so." *Id.* at 1301. In sum, it must be "clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300, *citing* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The ALJ was not required to give controlling weight to any opinion by Dr. Helm to the effect that the claimant was disabled or could not work, but he was required to evaluate for controlling weight any opinion by Dr. Helm as to the claimant's functional limitations. Dr. Helm found such functional limitations in the December 2010 opinion, but the ALJ rejected it out of hand as not "supported by evidence of worsening symptoms." The ALJ overlooked, however, substantial evidence in this regard, *e. g.*, treatment records specifically stating that the claimant's chronic low back pain and bilateral knee pain were worsening. Thus, the ALJ erred by failing to discuss *all* of the evidence related to the claimant's impairments and citing only evidence favorable to his finding of nondisability. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."), *citing Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004). And even if Dr. Helm's opinions about the claimant's functional limitations were not entitled to controlling weight the ALJ was required to determine the proper weight to give them by applying the factors in 20 C.F.R. §§ 404.1527, 416.927. *Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and

-8-

must be weighed using all of the factors provided in [§] 404.1527."), *quoting Watkins,* 350 F.3d at 1300. The ALJ clearly failed to do this.

Furthermore, although the ALJ was also not required to give controlling weight to the 30% disability rating by the VA, *see, e. g.,* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), he nevertheless *was* required to determine the proper weight to give such a finding by applying the factors in 20 C.F.R. §§ 404.1527, 416.927. Instead, the ALJ simply recited this fact without discussion. *See Miller v. Barnhart,* 43 Fed. Appx. 200, 204 (10th Cir. 2002) ("The [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner."); Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *3 (July 2, 1996) ("If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record.").

Because the ALJ failed to properly analyze the opinion of Dr. Helm and the VA disability rating, the Commissioner's decision must be reversed and the case remanded to the ALJ for further analysis. If such analysis results in adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 31st day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma